Filed 5/12/26  P. v. Chavira CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087613 |
| v. | (Super.Ct.Nos. RIF2401354 & RIF2401352) |
| ISAAC MANUEL CHAVIRA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Kelly, Judge.

Affirmed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Isaac Manuel Chavira appeals from the judgment entered against him by the Riverside County Superior Court. We will affirm.

**BACKGROUND**

In July 2025, the People filed two cases against defendant. In one of those cases (case No. RIF2401352), defendant was charged by information with entering a locked motor vehicle with the intent to commit theft (Pen. Code,[1] § 459). The information also alleged that appellant had a prior strike (§§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)(1)).

In the other case (No. RIF2401354), the People charged defendant by information with residential burglary (§ 459, count 1), felon in possession of a firearm (§ 29800, subd. (a)(1), count 2), and unlawful possession of ammunition (§ 30305, subd. (a)(1), count 3). The information further alleged that defendant had two prior strikes and a prior serious felony conviction.

In August 2025, defendant entered into an agreement in which he pled guilty to the charges in both cases and admitted the strike allegations. Trial court placed a 16-year lid on defendant's sentence and dismissed the serious felony prior.

At the October 2025 sentencing hearing, the trial court granted defendant's *Romero* motion (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*), finding defendant was "in the spirit of one strike." As to case No. RIF2401354, it sentenced defendant to a state prison term of 10 years eight months consisting of the middle term of four years doubled by the strike for the residential burglary (eight years),

---

[1] All further statutory references are to the Penal Code.

the middle term of eight months doubled for being a felon in possession of a firearm (16 months), and the middle term of eight months doubled for being a felon in possession of ammunition (16 months).

As to case No. RIF2401352, the court sentenced defendant to one year four months (one-third the midterm of four years) to run consecutively with the sentence imposed in case No. RIF2401354, for an aggregate term of 12 years.

Defendant appealed the orders in both cases, stating that his appeal is based on the sentence or other matters that occurred after the plea and do not affect its validity.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication.

The brief notes that this court is required to review the record in keeping with the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, 440-442.  In keeping with *Anders v. California* (1967) 386 U.S. 738, 742-745 counsel also lists an unbriefed issue: whether the trial court abused its discretion when it dismissed only two of the prior strike allegations under *Romero*, *supra*, 13 Cal.4th 497.

Upon receipt of the brief, we offered defendant an opportunity to file any supplemental brief deemed necessary.  He did not respond to our invitation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119-120, we have conducted an independent review of the record and find no arguable issues.

3

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

McKINSTER _____

J.

CODRINGTON _____

J.

4